IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TRAVIS BLANK,

          **Plaintiff,**

    v.                               **3:11-CV-01327-K-BK**

HAROLD EAVENSON, BOB GUZIK,
R.N. LINDA BELL, and M.D. LES SANDKNOP,

          **Defendants.**

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This cause is before the undersigned for a recommendation on Defendant Sandknop's

*Motion to Dismiss and Motion for More Definite Statement* (Doc. 6), and Defendants Bell,

Guzik, and Eavenson's (the "Rockwall Defendants") *Motion to Dismiss* (Doc. 16). For the

reasons set forth below, the Court recommends that Defendant Sandknop's *Motion to Dismiss*

*and Motion for More Definite Statement* (Doc. 6) be **GRANTED** and the Rockwall Defendants'

*Motion to Dismiss* (Doc. 16) be **GRANTED IN PART AND DENIED WITHOUT**

**PREJUDICE IN PART**.

**A.      Background**

In the operative complaint, the *pro se* Plaintiff sued various individuals associated with

the Rockwall County Jail, under 42 U.S.C. § 1983, for violations of his Fourteenth Amendment

right to adequate medical care. (Doc. 19 at 1). Plaintiff named as defendants Eavenson, the

Rockwall County Sheriff; Guzik, the jail administrator; Bell, the charge nurse for the jail; and

Sandknop, the primary care physician for the jail. (Doc. 19 at 1-2). At the time he filed his

original complaint, Plaintiff contended that he was "under house arrest and in pre-trial detention

status" because the judge presiding over his pending federal criminal case had released him so

that he could obtain proper medical treatment.  (Doc. 1 at 1, n.1 & 13).

      Plaintiff alleged that Sheriff Eavenson and Guzik acted with deliberate indifference when they failed to either create or enforce a policy that would have ensured that Plaintiff's medical needs were met.  (*Id.* at 2-3).  He contended that Nurse Bell and Dr. Sandknop were deliberately indifferent in their treatment of his Crohn's disease.  (*Id.* at 3-4).  In particular, Plaintiff claimed that Nurse Bell repeatedly withheld his medication, refused to allow him to be seen by the jail physician, mocked him when he requested treatment and medication, and refused to allow him to be hospitalized or seen by a specialist despite outside doctors' orders and a federal judge's order. (*Id.* at 3, 5-10).  Plaintiff also alleged that Dr. Sandknop did not properly examine him, prescribed him the wrong medication, and refused to allow him to see a specialist.  (*Id.* at 6, 8-9).

      Dr. Sandknop now moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and, in the alternative, for a more definite statement.[1]  (Doc. 6).  The Rockwall Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a Rule 7(a) reply.  (Doc. 16).  The Rockwall Defendants also raise the defense of qualified immunity.  (*Id.* at 6-9).

## B.     Applicable Law

      Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under

---

[1] As the undersigned previously noted, the Court assumes that all Defendants intend to rest on the *Motions to Dismiss* they filed before Plaintiff filed his *Amended Complaint*, as the *Amended Complaint* raises the identical allegations against them and only omitted the allegations that pertained to a defendant who has now been removed from the case.  (Doc. 20).

section 1983, Plaintiff must allege facts that show that (1) he has been deprived of a right

secured by the Constitution and the laws of the United States, and (2) Defendants were acting

under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

The constitutional right of a pretrial detainee to medical care flows from both the

procedural and substantive due process guarantees of the Fourteenth Amendment.  *Hare v. City

of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (*en banc*).  Deliberate indifference to serious

medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain,"

proscribed by the Constitution.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A cause of action

for deliberate indifference to an inmate's medical needs can be maintained if there is a delay in

access to medical care that results in substantial harm.  *Mendoza v. Lynaugh*, 989 F.2d 191, 195

(5th Cir. 1993).  Deliberate indifference also can be shown by proving that jail officials refused

to treat the detainee, ignored his complaints, intentionally treated him incorrectly, or engaged in

any similar conduct that would clearly show that they had a wanton disregard for the detainee's

serious medical needs. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.

2001).

Under the "deliberate indifference" standard, a plaintiff must establish that the defendants

acted with subjective deliberate indifference to his need for medical care.  *Brown v. Strain*, 663

F.3d 245, 249 (5th Cir. 2011).  To show that level of indifference, a plaintiff must present

evidence that: (1) the defendants had "subjective knowledge of facts from which an inference of

substantial risk of serious harm could be drawn"; (2) the defendants actually drew that inference;

and (3) the defendants' response to the risk indicates that they subjectively intended that the

harm occur.  *Id.* (quotation marks omitted).  A prison official's knowledge of a substantial risk of

harm may be inferred if the risk was obvious.  *Farmer v. Brennan*, 511 U.S. 825, 842-43 (1994).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted).  The qualified immunity inquiry involves two prongs that the Court must answer affirmatively before an official is subject to liability: (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right and (2) whether the right at issue was "clearly established" at the time of defendant's alleged misconduct.  *Id.* at 232.  A court may begin its assessment with either prong.  *Id.* at 236 (*overruling in part Saucier v. Katz*, 533 U.S. 194 (2001)).

**C.      Analysis**

*1.  Dr. Sandknop*

Dr. Sandknop moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks subject matter jurisdiction over Plaintiff's claims against him because (1) he is a physician in private practice, and (2) Plaintiff did not allege any specific acts or omissions sufficiently harmful to establish his liability under section 1983.  (Doc. 7 at 2-6).  Plaintiff responds that Dr. Sandknop is a contract physician for the Rockwall County Jail, and Plaintiff had no alternative to medical care.  (Doc. 10 at 2, 10-11).  He claims that Dr. Sandknop refused to give him the medication that Plaintiff requested, saying that it would have negative side effects, denied him the ability to see an outside specialist, and failed to conduct thorough physical examinations, all of which evidence deliberate indifference.  (*Id.* at 2-6, 11).  Plaintiff claims that, as a result, he was hospitalized three times and a federal magistrate judge ultimately

ordered him to be properly treated and released from the Rockwall County Jail due to jail personnel's failure to meet his medical needs.  (*Id.* at 5).

Where, as here, "the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under either Rule 12(b)(6) or Rule 56.  *Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)).  Given the procedural posture of the case, the Court will thus construe Dr. Sandknop's Rule 12(b)(1) motion as one brought pursuant to Rule 12(b)(6).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544*,* 570 (2007).  In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity, and the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact."  *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted).  The standard set forth in Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

As Plaintiff notes, he alleged in his complaint that Dr. Sandknop is the primary care physician for the Rockwall County Jail and that, while acting in that capacity, Dr. Sandknop treated him with deliberate indifference to his medical needs. (Doc. 19 at 1-3). A physician employed by a government entity to provide medical services to prison inmates acts "under color of state law" while undertaking duties in treating the prisoners. *West v. Atkins*, 487 U.S. 42, 54-55 (1988) (noting that "[i]t is only those physicians authorized by the State to whom the inmate may turn. Under state law, the only medical care [the prisoner] could receive for his injury was that provided by the State."). Accordingly, Plaintiff has alleged sufficient facts under Rule 12(b)(6) to demonstrate that Dr. Sandknop was acting under state law.

The second part of Dr. Sandknop's dismissal motion argues that Plaintiff failed to allege sufficient acts or omissions to show that Dr. Sandknop was deliberately indifferent to Plaintiff's medical needs. (Doc. 7 at 5-6). Plaintiff stated in his complaint that he saw Dr. Sandknop four times between the date he was incarcerated, June 30, 2009, and the date the federal magistrate judge ordered him released pending trial, April 14, 2010. (Doc. 19 at 4, 10). On each of these occasions – August 11, 2009, August 26, 2009, February 23, 2010, and March 9, 2010 – Plaintiff alleges that Dr. Sandknop did not perform a sufficiently comprehensive medical examination and gave him ineffective medication for his Crohn's disease. He also acknowledges that Dr. Sandknop ordered that he receive a special diet containing no spicy foods on August 26, 2009. (*Id.* at 6, 8-9). These four incidents, occurring over the course of nine months, essentially amount to a charge that Dr. Sandknop was negligent in his treatment of Plaintiff, which is insufficient to state a deliberate indifference claim. *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979); *see also Estelle v. Gamble*, 529 U.S. 97, 108 (1976) (stating that a matter of medical

6

judgment, such as whether to order diagnostic tests or provide certain forms of treatment, does not represent cruel and unusual punishment).  Accordingly, Defendant Sandknop's *Motion to Dismiss* (Doc. 6) should be **GRANTED** because Plaintiff has failed to state a claim for relief.

Notwithstanding Plaintiff's failure to plead sufficient facts to state a deliberate indifference claim as to Dr. Sandknop, the Fifth Circuit is inclined to give *pro se* plaintiffs at least one opportunity to amend their complaints before dismissal for failure to state a claim upon which relief can be granted.  *Bazrowx v. Scott*, 136 F. 3d 1053, 1054 (5th Cir. 1998). Additionally, as an alternative to his request for dismissal, Dr. Sandknop asked that the Court order Plaintiff to amend his complaint to provide a more definite statement regarding the specific causes of action he was asserting.  (Doc. 6 at 2).  While it is unlikely that Plaintiff can state a deliberate indifference claim against Dr. Sandknop that will satisfy the pleading standards under Rule 12(b)(6), because Plaintiff has not had the chance to do so, he should be accorded the opportunity to amend his complaint to allege sufficient facts to state a cognizable claim as to Dr. Sandknop under section 1983.  *Bazrowx*, 136 F. 3d at 1054.  Accordingly, Defendant Sandknop's *Motion for More Definite Statement* (Doc. 6) should be **GRANTED** to that extent.

2.      *Rockwall Defendants*

**a. Failure to Exhaust Administrative Remedies**

The Rockwall Defendants first argue that Plaintiff's claims are barred because he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a), in that he did not utilize the jail's two-step grievance procedure to complain about the medical care he received. (Doc. 16 at 4-6).  Plaintiff responds that section 1997e(a) does not apply to him because he filed the instant complaint after he had been ordered released on home detention by the magistrate

judge overseeing his criminal case and was, thus, not a "prisoner." (Doc. 21 at 2-4). The Rockwall Defendants reply that Plaintiff was "confined" within the meaning of section 1997e(a) because, at the time he filed his complaint, he was on conditional release. (Doc. 22 at 2-6).

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner *confined in any jail, prison, or other correctional facility* until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). It is Plaintiff's status at the time he filed suit that determines whether section 1997e(a)'s exhaustion requirement applies. *Duvall v. Dallas County, Tex.*, 2006 WL 3487024, *2 (N.D. Tex. 2006) (Boyle, J.) (citing seven sister circuit cases).

In this case, Plaintiff was on pretrial detention status in a private individual's home after he was released from the Rockwall County Jail and while he awaited trial on federal charges. *United States v. Blank*, No. 4:09-CR-0113-RAS-DDB, Doc. 41; *United States ex rel. Willard v. Human Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (noting that in ruling on a motion to dismiss, the district court may consider matters of which judicial notice may be taken); FED. R. EVID. 201(b) (providing that a court may take judicial notice of an "adjudicative fact" if the fact is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned). Under the plain language of section 1997e(a), Plaintiff's court-ordered restriction to a private home does not equate to him being "confined in any jail, prison, or other correctional facility." The Court thus finds that the exhaustion requirements of section 1997e(a) do not apply to him.

### b. Defendants Eavenson and Guzik

Defendants Eavenson and Guzik next argue that Plaintiff's claims against them fail

because he has not alleged any personal involvement by them in the constitutional violations at issue.  (Doc. 16 at 8-9).  Plaintiff responds that Defendant Guzik must have known about his complaints and health problems because he is Nurse Bell's supervisor and likely had to arrange Plaintiff's transportation to the hospital.  He also alleges that Sheriff Eavenson must have known about his health issues because sheriff's deputies were present both when a federal magistrate judge ordered the jail to provide proper medical care for Plaintiff, and when an outside doctor advised that Plaintiff should be admitted to the hospital.  (Doc. 21 at 9-13).

There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).  Rather, a plaintiff must show either that the supervisor was personally involved in the constitutional violation or that there is a "sufficient causal connection" between the supervisor's conduct and the violation.  *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 425 (5th Cir. 2006).  In this case, Plaintiff's complaint as to Defendants Eavenson and Guzik merely contains conclusory allegations, and is not pled with sufficient factual specificity to show either their personal involvement or any causal connection between their conduct and the deliberate indifference Plaintiff alleges.  *Id.*  Because the Court cannot "accept as true conclusory allegations or unwarranted deductions of fact," the claims against Defendants Eavenson and Guzik should be **DISMISSED**.  *Collins,* 224 F.3d at 498.

Moreover, the undersigned recommends that the dismissal as to these Defendants be with prejudice.  Although Plaintiff has not filed an amended complaint, he did file an extensive response to the Rockwall Defendants' *Motion to Dismiss*.  (Doc. 21).  This pleading responded specifically to the objection by Defendants Eavenson and Guzik that the complaint contained insufficient facts to maintain a cause of action based on their supervisory positions.  Plaintiff's

response also highlighted and elaborated upon several facts from his complaint that he believed showed that these Defendants "must have known" about Plaintiff's health problems.  But nowhere in this pleading or in the complaint does Plaintiff specify any conduct or omissions that would causally link Defendants Eavenson or Guzik to the alleged constitutional violations at issue.  *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (upholding dismissal of civil rights action without allowing leave to amend complaint because, when viewed under individual circumstances of the case, it was clear that plaintiff had pled his best case).  Accordingly, because Plaintiff has alleged his best case against these Defendants, and the undersigned can conceive of no basis on which he could recover on his theory of liability, the Court should dismiss the complaint as to Defendants Eavenson and Guzik with prejudice.  *Id.*; *see also Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (same).

### c.  Nurse Bell

Nurse Bell argues that Plaintiff's claims against her are barred by qualified immunity, and Plaintiff has not alleged facts to show (1) the standard of care applicable to Plaintiff's needs of which Nurse Bell was aware; (2) which of Plaintiff's medical needs Nurse Bell had actual knowledge of; or (3) how Nurse Bell deviated from the standard of care.  (Doc. 16 at 9-10).  In the alternative, Nurse Bell requests that the Court require Plaintiff to file a reply pursuant to Federal Rule of Civil Procedure 7(a) to specifically address her claim of qualified immunity.  (*Id.* at 10-12).

In response, Plaintiff contends that the factual allegations in his complaint are sufficient to overcome Nurse Bell's qualified immunity defense because he had a serious medical need of which Nurse Bell was aware, and she was continuously advised of his worsening health to the

point where it would have been clear to even a lay person that Plaintiff was severely ill.  (Doc. 21 at 7-8, 14-16).

A pretrial detainee has a clearly established constitutional right not to be denied, by deliberate indifference, attention to his serious medical needs.  *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) (*en banc*).  Thus, the issue in this case is whether, under the first prong of the qualified immunity test, Plaintiff has alleged sufficient facts to show that Nurse Bell acted with subjective deliberate indifference to his need for medical care.  *Pearson*, 555 U.S. at 232; *Brown*, 663 F.3d at 249.  To show that level of indifference, Plaintiff must allege facts indicating that: (1) Nurse Bell had "subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn"; (2) Nurse Bell actually drew that inference; and (3) Nurse Bell's response to the risk indicates that she subjectively intended that harm to Plaintiff occur.  *Brown*, 663 F.3d at 249 (quotation marks omitted).

"[W]hen a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff."  *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) (citation omitted).  The Court may, in its discretion require that a plaintiff in a section 1983 case file a Rule 7(a) reply tailored to a defendant's answer that pleads qualified immunity.  *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (*en banc*).  "Vindicating the immunity doctrine will ordinarily require such a reply," and the court's discretion not to order one is very limited when greater detail might assist in ruling on whether immunity applies.  *Id.* at 1434.  The reply must fairly engage the allegation of entitlement to immunity.  *Id.*

In the present case, the Court believes that a Rule 7(a) reply from Plaintiff will be both appropriate and helpful to the Court's determination of whether Nurse Bell is entitled to

qualified immunity.  Thus, this case should not be allowed to proceed until Plaintiff asserts more specific facts that, if true, would overcome her qualified immunity defense.  *See Morin*, 77 F.3d at 120.  In other words, Plaintiff  must "support[ ] his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."  *Schultea*, 47 F.3d at 1434.  In particular, Plaintiff's Rule 7(a) reply should provide factual detail that would show that (1) Nurse Bell had subjective knowledge of Plaintiff's condition, (2) she actually drew the inference that a substantial risk of serious harm to Plaintiff existed, and (3) she subjectively intended that harm to Plaintiff occur.  *Brown*, 663 F.3d at 249.  Plaintiff also may allege facts demonstrating that Nurse Bell's knowledge of a substantial risk of harm to him should be inferred because the risk was obvious.  *Farmer*, 511 U.S. at 842-43.  Because the Court recommends granting Nurse Bell's request for a Rule 7(a) reply, her dismissal motion based on Rule 12(b)(6) should be **DENIED WITHOUT PREJUDICE**.

**D.     Conclusion**

For the reasons set forth above, the Court recommends that Defendant Sandknop's *Motion to Dismiss* (Doc. 6) be **GRANTED** and Defendant Sandknop's *Alternative Motion for a More Definite Statement* (Doc. 6) be **GRANTED** to that extent that Plaintiff be given 14 days from the date of this recommendation to file an amended complaint against Defendant Sandknop.  Unless Plaintiff files an amended complaint that states a deliberate indifference claim against Dr. Sandknop within the 14 days allotted for objections to this recommendation, the case against him should be **DISMISSED WITH PREJUDICE**.

The Court further recommends that the *Motion to Dismiss* (Doc. 16) filed by Defendants Eavenson and Guzik be **GRANTED**, and the claims against those Defendants be **DISMISSED**

**WITH PREJUDICE**.

Finally, the Court recommends that the *Motion to Dismiss* (Doc. 16) filed by Defendant

Bell be **DENIED WITHOUT PREJUDICE**, Defendant Bell's alternative *Motion for a Rule*

*7(a) Reply* be **GRANTED**, and Plaintiff be ordered to file a Rule 7(a) reply within 14 days of the

date of this recommendation.

**SO RECOMMENDED** on February 14, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE