IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TRAVIS BLANK,

      Plaintiff,

v.     3:11-CV-01327-K-BK

R.N. LINDA BELL,

      Defendant.

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

This cause is before the undersigned for a recommendation on Defendant Bell's *Renewed Motion to Dismiss* (Doc. 41). For the reasons that follow, the Court recommends that the motion be **DENIED**.

**A.     Background**

In the operative complaint, the *pro se* Plaintiff sued various individuals associated with the Rockwall County Jail pursuant to 42 U.S.C. § 1983 for violations of his Fourteenth Amendment right to adequate medical care. (Doc. 19 at 1). Plaintiff named as defendants Harold Eavenson, the Rockwall County Sheriff; Bob Guzik, the jail administrator; Linda Bell, the charge nurse for the jail; and Les Sandknop, the primary care physician for the jail. *Id.* at 1-2. His claim stemmed from the Defendants' alleged failure to properly treat his Crohn disease.[1] *Id.* at 4-11.

Plaintiff alleged that Sheriff Eavenson and Guzik acted with deliberate indifference when

---

[1] Crohn disease is defined as "a subacute chronic enteritis, of unknown cause, involving the terminal ileum and less frequently other parts of the gastrointestinal tract; characterized by patchy deep ulcers that may cause fistulas, and narrowing and thickening of the bowel by fibrosis and lymphocytic infiltration . . . symptoms include fever, diarrhea, cramping, abdominal pain, and weight loss." *Stedman's Medical Dictionary* (27th ed) (available on Westlaw).

they failed to either create or enforce a policy that would have ensured that Plaintiff's medical needs were met. (*Id.* at 2-3). Plaintiff also claimed that Nurse Bell repeatedly withheld his medication, refused to allow him to be seen by the jail physician, mocked him when he requested treatment and medication, and refused to allow him to be hospitalized or seen by a specialist despite outside doctors' orders and a federal judge's order. (*Id.* at 3, 5-10). Plaintiff noted that he was under house arrest because the judge presiding over his pending case ultimately had released him so that he could obtain proper medical treatment. (Doc. 1 at 1, n.1 & 13).

On February 14, 2012, the undersigned recommended that the District Judge dismiss Plaintiff's claims as to Defendants Sandknop, Eavenson, and Guzik.[2] (Doc. 24). The Court also concluded that, although Nurse Bell's dismissal motion should be denied, her alternative *Motion for a Rule 7(a) Reply* should be granted, and Plaintiff should be ordered to file a Rule 7(a) reply within 14 days. *Id.* at 13. The District Judge dismissed Plaintiff's complaint against Sandknop, Eavenson, and Guzik and denied Nurse Bell's dismissal motion without prejudice. (Doc. 27). Plaintiff did not file a Rule 7(a) reply although he should have done so by February 28, 2012.

**B.     Parties' Arguments**

Nurse Bell now has filed a *Renewed Motion to Dismiss*, asking that the Court dismiss Plaintiff's claims against her with prejudice because Plaintiff did not file a Rule 7(a) reply within 14 days of the Court's *Findings, Conclusions, and Recommendation*. (Doc. 41 at 1, 5). Nurse

---

[2] The District Judge entered final judgments against these Defendants at their request, pursuant to Federal Rule of Civil Procedure 54(b). (Docs. 28, 30, 34-35, 37-40). Although Plaintiff's appeals against these Defendants are pending, this Court retains jurisdiction to consider the remaining claim against Defendant Bell. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 215 n.2 (5th Cir. 1995) (noting that the district court retained jurisdiction over the plaintiff's claims that were not included in the court's final judgment entered pursuant to Rule 54(b)).

Bell contends that in Plaintiff's original response to her dismissal motion, he expressly stood on his pleading as to Nurse Bell and he has therefore pled his best case against her. Because Plaintiff was given the chance to amend his complaint and failed to do so, Nurse Bell argues that his case is ripe for dismissal. *Id.* at 6-7. Nurse Bell maintains that she is entitled to qualified immunity, and Plaintiff does not allege adequate facts to show that she was deliberately indifferent to his medical needs. *Id.* at 7-11.

Plaintiff responds that he was confused about his need to file a Rule 7(a) reply because that language was not included in the District Judge's order adopting the Court's recommendation. He requests the opportunity to comply, maintaining that he has never missed a court deadline. (Doc. 42 at 1-2). Plaintiff also provides a lengthy description of Nurse Bell's allegedly unconstitutional actions. *Id.* at 2-7. Nurse Bell's reply brief reiterates her arguments. (Doc. 43).

C.   **Applicable Law and Analysis**

Given the leniency that the Court typically affords *pro se* litigants, and in the interests of justice, the undersigned recommends that the Court not dismiss Plaintiff's complaint based on his failure to timely file a Rule 7(a) reply. *See Gallegos v. Louisiana Code of Criminal Procedures Art. 658*, 858 F.2d 1091, 1092 (5th Cir. 1988) (holding that leniency should be accorded to *pro se* litigants when the defect in a filing is merely procedural and there are potential grounds for relief); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) (noting that a plaintiff is generally allowed an opportunity to re-plead his case and allowing a second amendment to the complaint where the facts in the record strongly intimated that the plaintiff could state two cognizable causes of action). Further, based on the substance of

Plaintiff's response to Nurse Bell's *Renewed Motion to Dismiss*, the undersigned recommends that the District Judge liberally construe that pleading as a Rule 7(a) reply. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that courts should liberally construe *pro se* pleadings).

In its *Findings, Conclusion, and Recommendation*, this Court noted that Plaintiff should file a Rule 7(a) reply that would provide enough factual detail to show that (1) Nurse Bell had subjective knowledge of Plaintiff's condition, (2) she actually drew the inference that a substantial risk of serious harm to Plaintiff existed, and (3) she subjectively intended that harm to Plaintiff would occur. (Doc. 24 at 11-12) (citing *Brown v. Strain*, 663 F.3d 245, 249 (5th Cir. 2011)); *see also Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) (*en banc*) (holding that a pretrial detainee has a clearly established constitutional right not to be denied, by deliberate indifference, attention to his serious medical needs). The Court also advised Plaintiff that he could allege facts demonstrating that Nurse Bell's knowledge of a substantial risk of harm to him should be inferred because the risk was obvious. (Doc. 24 at 12) (citing *Farmer v. Brennan*, 511 U.S. 825, 842-43 (1994)).

In his construed Rule 7(a) reply, Plaintiff argues that Nurse Bell had subjective knowledge of his medical condition as evidenced by (1) his routine complaints to Nurse Bell about his declining health and pain; (2) her knowledge that Plaintiff had repeatedly been ordered to see a specialist; (3) her disregard of three sets of hospital discharge instructions; (4) Plaintiff's hospitalization for eight days; (5) Nurse Bell's knowledge that Plaintiff needed a special diet which he and the jail doctor both told her about; (6) Plaintiff's complaints to Nurse Bell about his dehydration, a common Crohn disease symptom; (7) Nurse Bell's documentation of some of Plaintiff's complaints; (8) Nurse Bell's knowledge that Plaintiff was hospitalized for his Crohn

4

disease on three occasions while at the jail; and (9) the entry of a federal court order instructing jail medical staff to ensure that Plaintiff's disease was treated properly while he was in custody. (Doc. 42 at 3-7).  These allegations are sufficient, for Rule 7(a) purposes, to show that Nurse Bell was personally aware of Plaintiff's serious medical needs.  *Brown*, 663 F.3d at 249.

Plaintiff also has proffered sufficient facts in his construed Rule 7(a) reply to demonstrate that Nurse Bell actually drew the inference that a substantial risk of serious harm to Plaintiff existed.  *Brown*, 663 F.3d at 249.  Specifically, Plaintiff alleges that: (1) Nurse Bell repeatedly denied Plaintiff's requests to see a doctor; (2) Plaintiff had to be hospitalized three times for his disease, and Nurse Bell refused to follow hospital discharge instructions each time; (3) the two blood tests that Nurse Bell ordered indicated that Plaintiff's condition was poor; (4) Nurse Bell knew that dehydration was a symptom of Crohn disease, but did not "fix the problem" after Plaintiff routinely complained that he was dehydrated; and (5) she was a nurse and was thus well aware of Plaintiff's medical condition.  (Doc. 42 at 6).  These facts also tend to demonstrate that Nurse Bell's knowledge of a substantial risk of harm to Plaintiff may be inferred because the risk was obvious.  *Farmer*, 511 U.S. at 842-43.

Finally, Plaintiff has shown enough facts in his Rule 7(a) reply to support his contention that Nurse Bell subjectively intended that harm to Plaintiff occur.  *Brown*, 663 F.3d at 249.  In particular, Plaintiff contends that Nurse Bell (1) repeatedly denied his requests for medical attention; (2) refused to comply with comply with three sets of hospital discharge instructions, particularly various orders that Plaintiff be seen by a specialist; (3) ignored two federal court orders directing that Plaintiff be taken to a specialist; (4) ignored a specialist's recommendation that Plaintiff be hospitalized; and (5) refused to comply with the jail doctor's order that Plaintiff

5

receive a special diet. (Doc. 42 at 3-6). Taken together, these facts support Plaintiff's conclusion that Nurse Bell knew, and intended, that harm would befall Plaintiff due to her actions. *Brown*, 663 F.3d at 249.

As required, Plaintiff's Rule 7(a) reply thus "fairly engages" Nurse Bell's allegation of entitlement to qualified immunity. *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (*en banc*); *see also Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (holding that to overcome the assertion of qualified immunity, the court must find that (1) the facts alleged make out a violation of a constitutional right and (2) the right at issue was "clearly established" at the time of defendant's alleged misconduct). Accordingly, because Plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the constitutionality of Nurse Bell's conduct at the time of the alleged denial of medical care, the Court should deny her *Renewed Motion to Dismiss*. *Brown*, 663 F.3d at 249; *Schultea*, 47 F.3d at 1434.

**D.    Conclusion**

For the foregoing reasons, the Court recommends that Nurse Bell's *Renewed Motion to Dismiss* (Doc. 41) be **DENIED**.

**SO RECOMMENDED** on August 31, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE